## COMMONWEALTH vs. JOEL ALBINO.

No. 10-P-1941.

Hampden. March 13, 2012. - May 14, 2012.

Present: KATZMANN, SIKORA, & AGNES, JJ.

*Sex Offender Registration and Community Notification Act. Evidence,* Hearsay,
Business record. *Practice, Criminal,* Hearsay, Confrontation of witnesses.
*Constitutional Law,* Confrontation of witnesses.

At the trial of a complaint charging failure to register as a level three sex of-
fender in violation of G. L. c. 6, § 178H(*a*)(1), the judge did not abuse his
discretion in admitting in evidence notification letters from the Sex Of-
fender Registry Board (board) to the defendant and the municipal police
department, where, in light of the board's duty to accurately report informa-
tion to the police department, the police officer's testimony that he received
such letters from the board and kept them in the ordinary course of busi-
ness satisfied the business records exception to the rule prohibiting admis-
sion of hearsay evidence [737-738]; further, the admission of the letters in
the absence of testimony by a board employee did not violate the defend-
ant's confrontation rights under the Sixth Amendment to the United States
Constitution, where the letters at issue were not testimonial but were
instead maintained for administrative purposes [738-739].

COMPLAINT received and sworn to in the Holyoke Division of
the District Court Department on May 13, 2009.

The case was heard by *W. Michael Goggins,* J.

*Alan H. Crede* for the defendant.

*Bethany C. Lynch,* Assistant District Attorney, for the
Commonwealth.

KATZMANN, J. After a jury-waived trial in District Court, the
defendant was convicted of failure to register as a level three
sex offender in violation of G. L. c. 6, § 178H(*a*)(1). He now
appeals. The principal issue is whether the trial judge properly
admitted in evidence notification letters from the Sex Offender
Registry Board (SORB) to the defendant and the Gardner police
department as business records pursuant to G. L. c. 233, § 78.

*Discussion.* 1. Over the defendant's objections, the trial judge admitted several documents pursuant to G. L. c. 233, § 78, the business records exception to the hearsay rule. On appeal, the defendant claims that the judge erred by admitting two of these documents. Both documents are letters from SORB that are addressed to the defendant and carbon copied to the Gardner police department, and are relevant to the issue whether he knowingly violated G. L. c. 6, § 178H(*a*). The letters, dated September 1, 2005, and September 1, 2006, respectively, inform the defendant of the requirement that he report to the local police department to register as a level three offender. We review to determine whether the judge abused his discretion by admitting this evidence. *Beal Bank, SSB* v. *Eurich*, 444 Mass. 813, 815 (2005).

"General Laws c. 233, § 78, creates an exception to the rule prohibiting admission of hearsay evidence for official business records provided that (1) the entry, writing, or record was made in good faith; (2) in the regular course of business; (3) before the beginning of the civil or criminal proceeding in which it is offered; and (4) it was the regular course of such business to make such memorandum at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter." *Commonwealth* v. *Siny Van Tran*, 460 Mass. 535, 548 (2011). See Mass. G. Evid. § 803(6)(A), at 259 (2011) ("This subsection is taken nearly verbatim from G. L. c. 233, § 78"). "A judge's decision to admit the records implies these requisite findings under G. L. c. 233, § 78." *Beal Bank, SSB*, 444 Mass. at 815. "[I]t is well established that G. L. c. 233, § 78, 'should be interpreted liberally to permit the receipt of relevant evidence.'" *Id.* at 817, quoting from *Wingate* v. *Emery Air Freight Corp.*, 11 Mass. App. Ct. 982, 983 (1981), *S.C.*, 385 Mass. 402 (1982).

The defendant argues that the fourth prong of the test is not met here because the Commonwealth admitted the records through Lieutenant Roger Wrigley, the Gardner police department's keeper of records for the sex offender registry, rather than a SORB employee. We disagree. "The statute makes clear that the record is admissible even when the preparer has relied on the statement of others, by providing that personal knowledge by the entrant or maker is a matter affecting the weight (rather than the admis-

sibility) of the record. It does not follow, however, that the preparer may rely on statements that are not themselves a part of the regular course of business record-keeping. Although the preparer's hearsay sources must carry the same indicia of reliability and be shown to have been reported as a matter of business duty or business routine, this can be accomplished by presenting evidence of normal business practice, rather than by producing each speaker." *Siny Van Tran,* 460 Mass. at 548-549 (citations and quotations omitted). See *Beal Bank, SSB,* 444 Mass. at 818 ("the business records of one business are admissible as the business records of another business where such records are integrated into the latter business's records and relied on").

Here, Lieutenant Wrigley testified that he received notifications from SORB regarding the classification of sex offenders living in Gardner. He received these notifications in the form of letters, which he kept in the ordinary course of his business. Lieutenant Wrigley further testified that he relied on this information from SORB to know the sex offenders' level of classification and to know who was required to appear to register in Gardner. This is not a case where the police were simply receiving information from an unrelated business or government agency. See *id.* at 817. Rather, the Gardner police department was working in conjunction with SORB to ensure registration by sex offenders. As such, SORB had a duty to provide accurate information to the Gardner police department so that the police might access and rely on that information. See *ibid.*; G. L. c. 6, § 178E(*a*) (SORB required to transmit sex offender's registration information to local police departments). In light of SORB's duty to accurately report information to the Gardner police department, the judge did not abuse his discretion by admitting these documents.

2. The defendant next argues that the admission of these two notification letters without permitting the defendant to cross-examine the drafters of the letters violated the defendant's confrontation rights under the Sixth Amendment to the United States Constitution. We disagree. The letters in question were produced in the ordinary course of business years in advance of trial. "Business and public records are generally admissible absent confrontation . . . because — having been created for

the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial — they are not testimonial." *Siny Van Tran*, 460 Mass. at 552, quoting from *Melendez-Diaz* v. *Massachusetts*, 557 U.S. 305, 324 (2009). The SORB notification letters at issue here were not testimonial but were instead maintained for administrative purposes. *Commonwealth* v. *Fox, ante* 244, 245-246 (2012). Thus, the introduction of these letters without the testimony of a SORB witness did not violate the defendant's Sixth Amendment confrontation rights. *Id.* at 246.

*Judgment affirmed.*