The New Bedford Housing Authority (NBHA) filed this summary process action against its tenant Maria Marcial,[3] alleging that she violated her lease by allowing unauthorized individuals, Juan Rosa and Christian Escobar, to live in her unit. After a trial a Housing Court judge awarded the NBHA possession of the premises. Marcial appeals, arguing that the judge abused her discretion by admitting in evidence, over Marcial's objection, two categories of hearsay evidence. We affirm.
1. Postal verification forms. Marcial first challenges the admission of forms that the NBHA prepared and sent to the post office to verify Rosa's and Escobar's mailing addresses. NBHA property manager Janet Morreiro testified that, as a result of an inquiry from the United States Department of Housing and Urban Development, the NHBA's executive director asked her to look into Marcial's household composition. Morreiro then sent two verification forms to the post office in June and July of 2016, requesting address information for Rosa and Escobar and listing Marcial's address as their last known address. Each of the returned forms from the post office contain a date stamp at the bottom and, in a section labeled "For Post Office Use Only," a checkmark next to the box for "Mail is Delivered to Address Given."
The parties' arguments to the judge centered on whether the forms fell within the business records exception to the hearsay rule. This exception, codified at G. L. c. 233, § 78, applies where "(1) the entry, writing, or record was made in good faith; (2) in the regular course of business; (3) before the beginning of the civil or criminal proceeding in which it is offered; and (4) it was the regular course of such business to make such memorandum at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter." Commonwealth v. Tran, 460 Mass. 535, 548 (2011). "A judge's decision to admit the records implies these requisite findings under G. L. c. 233, § 78."[4] Beal Bank, SSB v. Eurich, 444 Mass. 813, 815 (2005). Moreover, "it is well established that G. L. c. 233, § 78, 'should be interpreted liberally to permit the receipt of relevant evidence.' " Id. at 817, quoting Wingate v. Emery Air Freight Corp., 11 Mass. App. Ct. 982, 983 (1981), S.C., 385 Mass. 402 (1982).
Marcial argues that the verification forms were not made in good faith or in the regular course of business because Morreiro only sent them after she was ordered to by the executive director. According to Marcial this shows that the forms were "targeted," rather than made in the ordinary course of business. We disagree. Morreiro testified that she was the NBHA's property manager for over twenty years, that her duties included keeping track of tenants' household composition, that she prepared the forms in good faith and sent them before litigation commenced, and that it was in the NBHA's usual course of business to request verifications and put the information in the tenant's file. This testimony was sufficient to satisfy the requirements of G. L. c. 233, § 78. See Quinn Bros. v. Wecker, 414 Mass. 815, 818 (1993).
Marcial further argues, however, that the responses from the post office are second-level hearsay and not admissible without testimony from a post office employee. But G. L. c. 233, § 78, "makes clear that [a business] record is admissible even when the preparer has relied on the statement of others." Beal Bank, 444 Mass. at 816, quoting Wingate, 385 Mass. at 406. "Although the preparer's hearsay sources must carry the same indicia of reliability and be shown to have been reported as a matter of business duty or business routine, this can be accomplished by presenting evidence of normal business practice, rather than by producing each speaker." Beal Bank, supra, quoting Wingate, supra. Here, the hearsay source was the United States Postal Service, which has a duty not to disseminate information about an individual without making "reasonable efforts ... to assure that the information is accurate." 39 C.F.R. § 266.3(b)(1) (2016). The existence of this duty provides the necessary indicia of reliability to bring the post office's address verifications within the business records exception. See Commonwealth v. Fulgiam, 477 Mass. 20, 41 (2017) (identifying information on fingerprint cards admissible under business records exception given "officers' duty to ensure that the ... cards are created with accurate information, and the arrestees' legal obligation to provide accurate information"); Beal Bank, 444 Mass. at 818 (bank manager's testimony was sufficient to support admission of servicing agent's business records because agent "had a business duty accurately to maintain such records for the bank"); Commonwealth v. Albino, 81 Mass. App. Ct. 736, 738 (2012) (letters from Sex Offender Registry Board [SORB] could be admitted through police department's keeper of records rather than SORB employee "[i]n light of SORB's duty to accurately report information to the ... police department").
2. Police reports. Marcial next contends that the judge erred by admitting two police reports without redacting the portions identifying Rosa's and Escobar's addresses as Marcial's address. While not challenging the admission of the reports themselves, Marcial claims that the addresses should have been redacted because they were outside the scope of the officers' firsthand observations. But as both officers testified, they questioned Rosa and Escobar and obtained the addresses directly from them. Thus, the officers personally observed Rosa and Escobar make these statements. And the statements were admissible not for their truth, but for the fact that they were made -- that is, to show that Rosa and Escobar each held out Marcial's address to be his own. The judge did not abuse her discretion in admitting this evidence. See Tran, 460 Mass. at 551 (judge properly admitted names on flight documents "not as proof of the defendants' actual identities as the passengers listed ..., but simply for the purpose of showing that the statements were made by someone, even, perhaps, a person being untruthful, who held themselves out to be these men").[5]
Judgment affirmed.

The other named defendant, Yarimar Marcial, did not appear at trial and did not file a notice of appeal.

Thus, Marcial is incorrect to the extent she is claiming that the absence of express findings constitutes reversible error.

Because we conclude that there was no error, we need not address Marcial's contention that the error was not harmless. We note, however, that there was other evidence supporting the judge's decision, including records from the Registrar of Motor Vehicles showing that Rosa and Escobar listed Marcial's address on their driver's licenses, and testimony from Rosa's father that Rosa did not live with him, even though Marcial stated during a conference with the NBHA that he did.